# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20777-BLOOM/Reid

DOUGLAS MARSHALL JACKSON,

      Plaintiff,

v.

THE FLORIDA DEPARTMENT OF
CORRECTIONS (FDOC), INC., *et al.*,

      Defendants.

_____/

### ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the filing of Plaintiff's Amended Complaint, ECF No. [20]. Plaintiff, a *pro se* prisoner, has previously been found to be a multiple filer and subject to the three-strikes provision of the PLRA, and is therefore barred from proceeding *in forma pauperis*. Plaintiff paid the filing fee in full, following the Court's order requiring payment of the applicable filing fee, ECF No. [6]. *See* ECF Nos. [4], [13]. The Court previously dismissed Plaintiff's Complaint, ECF No. [1], for failure to state a claim. *See* ECF No. [19] ("Order"). In the Order, the Court permitted Plaintiff to file an amended complaint, and provided guidance to Plaintiff with respect to the amended complaint.

Because Plaintiff is a *pro se* prisoner asserting claims against the Florida Department of Corrections and specific correctional institutions, the Court must conduct a screening pursuant to 28 U.S.C. § 1915A. According to § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or seeks monetary relief from a defendant who is immune from such relief[,]" the court is directed to dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

In its Order, the Court specifically instructed Plaintiff as follows with respect to an amended pleading:

> Plaintiff must state clearly the actions each named Defendant took that he contends violate [Religious Land Use and Institutionalized Persons Act ("RLUIPA")], the dates on which the incidents occurred, and where the incidents occurred. Plaintiff is advised that

> conclusory and general assertions are not sufficient to state a claim
> upon which relief can be granted. The amended complaint must
> include all of Plaintiff's claims in this action; and should not refer
> back to the original Complaint. Plaintiff is further advised that the
> Court will consider only the claims set forth in the amended
> complaint and only those Defendants against whom Plaintiff makes
> a specific allegation.

ECF No. [19] at 3-4.

Despite the Court's guidance, the Amended Complaint fails to state a claim. Section 3 of RLUIPA provides, in relevant part, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). "To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate (1) that he engaged in a religious exercise; and (2) that the religious exercise was substantially burdened." *Gardner v. Riska,* 444 F. App'x 353, 354-55 (11th Cir. 2011).

The Amended Complaint contains no factual allegations, other than conclusory assertions that Defendants have denied 70 itemized religious accommodations. The Amended Complaint simply lists what the Court must assume constitute the alleged violations with no supporting facts: for example,

> [COUNT 46] BLANKET-DENIED Kingdom of Yahweh Sovereign
> Government RLUIPA Religious Right to exclusively "FOLLOW
> AND OBEY" only THE BOOK OF YAHWEH, THE HOLY
> SCRIPTURES, and NOT any "Man," SEE, ACTS 5:29, THE
> BOOK OF YAHWEH, THE HOLY SCRIPTURES ("We must
> obey Yahweh rather than men")[.]

> [COUNT 59] BLANKET-DENIED Kingdom of Yahweh Sovereign
> Government Tribal African Hebrew (Jewish) RLUIPA Religious
> Right to only "WORSHIP" under the "AUTHORITY" of Yahweh's

> Sovereign Kingdom of Yahweh Government and NOT any Man-
> made Sponsor or Organization (i.e. Satan and Her Demons)[.]

*See generally* ECF No. [20]. Plaintiff has not, however, as the Court required in the Order, set

forth the specific incidents or actions Defendants took that Plaintiff contends violated RLUIPA,

the dates on which the actions or incidents occurred, or where the incidents or actions occurred.

In addition, the Amended Complaint is replete with incoherencies and irrelevant legal

conclusions, such as,

> THAT, the Undersigned, Claimant at Law, Ancient African Hebrew
> (Jewish) Ultra-Orthodox religious convictions and essential tenets
> of faith, beliefs, practice, procedures, rituals, customs, manners, and
> way-of-life strictly prohibit[] and forbid the Undersigned religious
> adherent from adopting or identifying himself with ANY Satanic or
> ANY Demonic man-made IDOLS of:
>> (a) Inmate,
>> (b) Prisoner,
>> (c) DC Number,
>> (d) Person,
>> (e) Human,
>> (f) Individual,
>> (g) Suspect,
>> (h) Defendant,
>> (i) Convict,
> etc. that are DEAD-fictions and, by Law the "Sovereign" Claimant
> at Law is 100% NOT BOUND by any such general Words as the
> Court have held in THE PEOPLE V. HERKIMER,
> Gentleman, one and c.-4 Cowen, 345 (1825)
> "The people have succeeded to the rights of the KING the former
> SOVEREIGN of this State. They (the People) are NOT, therefore
> BOUND BY GENERAL WORDS (supra.) in statutes restrictive of
> prerogative without being EXPRESSLY NAMED"

> THAT, therefore, the Undersigned, "Sovereign" douglas marshall
> jackson, Tribal King, The Claimant at Law, shall NOT and will
> NOT be MIS-IDENTIFIED by the Court or Defendants to be ANY
> of the foregoing fraudulent, false, pagan, Satanic an[d] Demonic
> titles and/or idols that unequivocally offend an[d] violate Almighty
> Yahweh 613 Laws and the Religious Rights and Religious Liberties
> and Convictions of the Undersigned "Man" and "Tribal King"!!!

*Id*. at 14-15. As a result, the Amended Complaint, like the Complaint, fails to sufficiently allege a claim that is plausible on its face.

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings generally, and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A plaintiff should be afforded the opportunity to test his claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, despite the Court's guidance in the Order, Plaintiff has failed to cure the pleading deficiencies in the original Complaint, and in fact, has reasserted such deficiencies in the Amended Complaint. Thus, there is no reason for the Court to believe that Plaintiff could or would state a plausible claim, were he given the opportunity to amend again.

Accordingly, it is **ORDERED AND ADJUDGED** that the Amended Complaint, **ECF No. [20]**, is **DISMISSED** without leave to amend. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 8, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

douglas marshall jackson, *pro se*
823916
Sumter Boot Camp
Inmate Mail/Parcels
9544 County Road 476B
Bushnell, Florida 33513