UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20777-BLOOM

DOUGLAS MARSHALL JACKSON,

    Plaintiff,
v.

THE FLORIDA DEPARTMENT OF
CORRECTIONS (FDOC), INC., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion for Reconsideration, ECF No. [36] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error

not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Upon review, Plaintiff's Motion is due to be denied because Plaintiff fails to set forth any ground warranting reconsideration. The Motion amounts to no more than disagreement with the Court's reasoning and ultimate conclusions in the Court's Omnibus Order, ECF No. [29], which is not a proper basis for reconsideration. *See Z.K. Marine Inc*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted). In addition, Plaintiff appears to raise in part the same argument as in his previous Petition for Rehearing, ECF No. [34], regarding the Court's misconstruing his claims by assuming that the claims were made on his own behalf, which argument the Court has already rejected. *See* ECF No. [35].

Accordingly, Plaintiff's Motion, **ECF No. [36]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 20-cv-20777-BLOOM

Copies to:

Douglas Marshall Jackson, *pro se*
823916
Sumter Correctional Institution
Inmate Mail/Parcels
9544 County Road 476B
Bushnell, FL 33513